Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re | Chapter 13 |
| RICHARD DONALD KANE, IV, | Case No. 2-25-bk-08667-MCW |
| and | **TRUSTEE'S RECOMMENDATION ON AMENDED PLAN** |
| ERICA ANN KANE, | Deadline is June 22, 2026 |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

The Trustee notes the following issues, which must be resolved before recommending confirmation of the Plan:

(1) Toyota Motor Credit Corporation, filed an objection to the original plan. Though the amended plan revises treatment of the secured claim, the creditor's original objection is deemed to apply to the amended plan pursuant to 11 U.S.C. § 1323(c) since the creditor has not withdrawn the objection. The secured creditor must sign the order confirming amended plan, or file a withdrawal of the objection to confirmation.

(2) The Order confirming plan is to state that Hyundai Capital America secured by a 2024 Kia Niro and 2023 Kia Sorento will be paid direct by Co-Buyers.

(3) The Trustee requests a copy of the Debtors' 2025 federal and state income tax returns, along with all attachments, forms, schedules and statements for those returns. Debtors are to provide

a copy of the returns to their counsel and then counsel is to provide the returns to the Trustee through the Trustee's portal. If the Debtors are not represented by counsel, then they are to submit the returns through the Trustee's portal, www.bkdocs.us.

(4) The Trustee requires copies of two recent consecutive paystubs from each employed debtor to verify scheduled income, Plan payment feasibility and compliance with the disposable income utilization requirement of the Code.

(5) Other requirements:

(A) When a debtor is represented by counsel, all debtor documents are to be submitted to the Trustee through the bkdocs.us website after redaction of PII. Local Rule 2084-27. Such documents include tax returns, bank statements, paystubs, and so on.

(B) The attorney is to review all proofs of claim on the claims register and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Attachments to secured claims should be reviewed to see if there is a balloon payment. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(C) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(D) Before submitting a proposed order, the attorney for the Debtor(s) should verify plan funding using the funding http://www.chapter13.info/funding-calc-main.aspx.

(E) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(F) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

- 2 -

(G) To expedite the order review process, counsel must use the recommended form for the order confirming plan. If counsel needs the Trustee's latest form, then contact the applicable case administrator..

(H) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(I) The order confirming plan is to state: Within 14 days of filing them, the Debtors shall provide a copy of their 2025 - 2029 federal and state income tax returns, including all attachments, forms, schedules and statements, to their attorney. After appropriate redaction of PII, Debtors' attorney is to promptly provide the returns to the Trustee through the website www.bkdocs.us.

(J) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(K) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(L) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

- 3 -

SUMMARY: Pursuant to Local Rule 2084-10(b), by June 22, 2026, Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming amended plan that meets the above requirements, or the Debtors must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

RICHARD DONALD KANE, IV
ERICA ANN KANE
5648 SOUTH 242ND LANE
BUCKEYE, AZ 85326

PHOENIX FRESH START
4131 MAIN STREET
SKOKIE, IL 60076-2780
DOCUMENTS@PHXFRESHSTART.COM
TOM@NWRELIEF.COM

_____

*jmorales@ch13bk.com*

- 4 -